**BARSHAY, RIZZO & LOPEZ, PLLC**
445 Broadhollow Road | Suite CL18
Melville, New York 11747
Tel: (631) 210-7272
Fax: (516) 706-5055
*Attorneys for Plaintiff*
Our File No.: BRL21279

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**BROOKLYN DIVISION**

| | |
|---|---|
| Matthew Grugnale,<br><br>                       Plaintiff,<br><br>              v.<br><br>Solomon and Solomon, P.C.,<br><br>                       Defendant. | Case No:<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Plaintiff Matthew Grugnale, by and through the undersigned counsel, complains, states, and alleges against defendant Solomon and Solomon, P.C. as follows:

**INTRODUCTION**

1. This is an action to recover damages for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

**JURISDICTION AND VENUE**

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1337 and 15 U.S.C. § 1692k(d).  The Court has supplemental jurisdiction of any state law claims pursuant to 28 U.S.C. §1367.

3. This court has jurisdiction over defendant Solomon and Solomon, P.C. because it regularly conducts and transacts business in this state, and the conduct complained of herein occurred in this Judicial District.

4. Venue is proper in this Judicial District under 28 U.S.C. § 1391(b) because a substantial part of the conduct complained of herein occurred in this Judicial District.

## PARTIES

5. Plaintiff Matthew Grugnale ("Plaintiff") is a natural person who is a citizen of the State of New York residing in Queens County, New York.

6. Plaintiff is a "consumer" as that term defined by 15 U.S.C. § 1692a(3).

7. Defendant Solomon and Solomon, P.C. ("Defendant") is a company existing under the laws of the State of New York, with its principal place of business in Albany, New York.

8. Defendant has transacted business within this state as is more fully set forth hereinafter in this Complaint.

9. Defendant regularly collects or attempts to collect debts asserted to be owed to others.

10. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

11. The principal purpose of Defendant's business is the collection of such debts.

12. Defendant uses instrumentalities of interstate commerce, including telephones and the mails, in furtherance of its debt collection business.

13. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

14. The acts of Defendant as described in this Complaint were performed by Defendant or on Defendant's behalf by its owners, officers, agents, and/or employees acting within the scope of their actual or apparent authority. As such, all references to "Defendant" in this Complaint shall mean Defendant or its owners, officers, agents, and/or employees.

## FACTUAL ALLEGATIONS

15. Defendant alleges Plaintiff owes $174.97 to SEFCU ("the alleged Debt").

16. Plaintiff did not owe $174.97 ("the Claimed Amount") to SEFCU as alleged.

17. The alleged Debt does not arise from any business enterprise of Plaintiff.

18. The alleged Debt is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

19. Plaintiff was earlier informed by SEFCU that his account was transferred to Defendant.

20. Plaintiff through his attorney reached out to Defendant offering to pay the alleged debt and to get his account closed.

21. On June 18, 2021, Plaintiff was told that his account was not in Defendant's system and once the account was added, Defendant would inform Plaintiff.

22. On June 21, 2021, Plaintiff was informed that the account was in Defendant's system and that it was not lettered.

23. On June 22, 2021, Plaintiff reached out to Defendant through his attorney to settle the account.

24. Plaintiff was transmitted a web-based method of making payment.

25. When such method did not work, Plaintiff through his attorney telephoned Defendant and made the payment using Defendant's telephone payment service.

26. Plaintiff got a written confirmation from Defendant that the payment was processed on the same day.

27. Plaintiff based on such communication reasonably supposed that the matter was addressed, and that he would not be subject to any collection activity from Defendant.

28. Despite payment, Defendant nevertheless decided to contact Plaintiff on such account through written correspondence.

29. Rather than preparing and mailing such written correspondence to Plaintiff on its own, Defendant decided to utilize a third-party vendor to perform such activities on its behalf.

30. As part of its utilization of the third-party vendor, Defendant conveyed information regarding the alleged Debt to the third-party vendor by electronic means.

31. The information conveyed by Defendant to the third-party vendor included Plaintiff's status as a debtor, the precise amount of the alleged Debt, the account number, the entity to which Plaintiff allegedly owed the debt, among other things.

32. Defendant's conveyance of the information regarding the alleged Debt to the third-party vendor is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

33. The third-party vendor then populated some or all this information into a prewritten template, printed, and mailed the correspondence to Plaintiff at Defendant's direction.

34. That correspondence, dated June 22, 2021, was received, and read by Plaintiff.  (A true and accurate copy of that correspondence (the "Letter") is annexed hereto as "**Exhibit 1.**")

35. The Letter, which conveyed information about the alleged Debt, is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

36. The Letter was the initial written communication Plaintiff received from Defendant concerning the alleged Debt.

37. 15 U.S.C. §§ 1692g and 1692e protects Plaintiff's concrete interests and rights.

38. Plaintiff has the interest and right to be free from collection efforts on debts Plaintiff does not owe.

39. Plaintiff has the interest and right to be free from unwarranted threats to Plaintiff's credit rating.

4

40. Plaintiff has the interest and right to be free from the fear of being sued on debts Plaintiff does not owe.

41. Plaintiff has the interest and right to be free from deceptive and/or misleading communications from debt collectors, including Defendant.

42. As set forth herein, Defendant deprived Plaintiff of these rights.

43. Plaintiff's injury is "particularized" and "actual" in that the conduct that deprived Plaintiff of his rights was directed by Defendant to Plaintiff specifically.

44. Plaintiff's injury is directly traceable to Defendant's conduct because Defendant initiated the communications, and but for Defendant's conduct, Plaintiff would not have been deprived of his rights.

45. Plaintiff has been misled by Defendant's conduct.

46. Defendant's conduct as described in this Complaint was willful, with the purpose to either harm Plaintiff or with reckless disregard for the harm to Plaintiff that could result from Defendant's conduct.

47. Plaintiff justifiably fears that, absent this Court's intervention, Defendant will continue to use abusive, deceptive, unfair, and unlawful means in its attempts to collect the alleged Debt and other alleged debts.

48. Plaintiff justifiably fears that, absent this Court's intervention, Defendant will ultimately cause Plaintiff unwarranted economic harm.

49. Plaintiff justifiably fears that, absent this Court's intervention, Defendant will ultimately cause Plaintiff unwarranted harm to Plaintiff's credit rating.

50. Plaintiff justifiably fears that, absent this Court's intervention, Defendant will ultimately cause Plaintiff to be sued for a debt Plaintiff does not owe.

51. As a result of Defendant's conduct, Plaintiff wasted time, was caused to be confused and unsure as to Plaintiff's rights, and ultimately sought counsel and advice causing Plaintiff the risk of incurring damages including reasonable attorneys' fees in reviewing Plaintiff's rights under the law and prosecuting this claim.

52. As a result of Defendant's conduct, Plaintiff's counsel was caused to expend time, energy, and money to investigate Plaintiff's rights under the law and the legitimacy of the alleged Debt.

53. The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

54. A favorable decision herein would redress Plaintiff's injury with money damages.

55. A favorable decision herein would serve to deter Defendant from further similar conduct.

## FIRST COUNT
### Violation of 15 U.S.C. § 1692c(b) and § 1692f

56. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

57. 15 U.S.C. § 1692c(b) provides that, subject to several exceptions not applicable here, "a debt collector may not communicate, in connection with the collection of any debt," with anyone other than the consumer "without the prior consent of the consumer given directly to the debt collector."

58. The third-party vendor does not fall within any of the exceptions provided for in 15 U.S.C. § 1692c(b).

59. Plaintiff never consented to Defendant's communication with the third-party vendor concerning the alleged Debt.

6

60. Plaintiff never consented to Defendant's communication with the third-party vendor concerning Plaintiff's personal and/or confidential information.

61. Plaintiff never consented to Defendant's communication with anyone concerning the alleged Debt or concerning Plaintiff's personal and/or confidential information.

62. Upon information and belief, Defendant has utilized a third-party vendor for these purposes thousands of times.

63. Defendant utilizes a third-party vendor in this regard for the sole purpose of maximizing its profits.

64. Defendant utilizes a third-party vendor without regard to the propriety and privacy of the information which it discloses to such third-party.

65. Defendant utilizes a third-party vendor with reckless disregard for the harm to Plaintiff and other consumers that could result from Defendant's unauthorized disclosure of such private and sensitive information.

66. Defendant violated 15 U.S.C. § 1692c(b) when it disclosed information about Plaintiff's alleged Debt to the third-party vendor.

67. 15 U.S.C. § 1692f provides that a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

68. The unauthorized disclosure of a consumer's private and sensitive information is both unfair and unconscionable.

69. Defendant disclosed Plaintiff's private and sensitive information to the third-party vendor.

70. Defendant violated 15 U.S.C. § 1692f when it disclosed information about Plaintiff's alleged Debt to the third-party vendor.

71. For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692c(b) and 1692f and is liable to Plaintiff therefor.

## SECOND COUNT
### Violation of 15 U.S.C. §§ 1692g and 1692g(a)(1)

72. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

73. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

74. As relevant here, 15 U.S.C. § 1692g(a)(1) requires the written notice provide a statement of the amount of the debt.

75. To comply with 15 U.S.C. § 1692g(a)(1), the statement of the amount of the debt must accurately set forth the actual amount of the debt.

76. A statement of the amount of the debt, when the debt is not owed at all by the consumer, violates 15 U.S.C. § 1692g(a)(1).

77. As set forth in paragraphs 15 through 28 of this Complaint, Plaintiff did not owe the Claimed Amount.

78. As such, Defendant did not accurately set forth the actual amount of the alleged debt as required by 15 U.S.C. § 1692g(a)(1).

79. In sum, Defendant's statement of the amount of the alleged Debt, when Plaintiff did not owe that amount, violates 15 U.S.C. § 1692g(a)(1).

80. For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692g, 1692g(a)(1) and is liable to Plaintiff therefor.

**THIRD COUNT**
**Violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10)**

81. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

82. 15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

83. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

84. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

85. An allegation by a debt collector that a consumer owes a debt to a certain entity when the consumer does not owe a debt to that entity is a violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10).

86. An allegation by a debt collector that a consumer owes a certain amount of money when the consumer does not that amount is a violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10).

87. As set forth in paragraphs 15 through 28 of this Complaint, Plaintiff did not owe the Claimed Amount.

88. As such, Defendant's allegation that Plaintiff owed the Claimed Amount is a false, deceptive, and/or misleading representation made in connection with the collection of the alleged Debt in violation of 15 U.S.C. § 1692e.

89. Defendant's allegation that Plaintiff owed the Claimed Amount is a false representation of the character, amount, and/or legal status of the alleged Debt in violation of 15 U.S.C. § 1692e(2)(A).

90. Defendant's allegation that Plaintiff owed the Claimed Amount is a false representation made in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

91. For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) and is liable to Plaintiff therefor.

## JURY DEMAND

92. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment be entered as follows:

a. Finding Defendant's actions violate the FDCPA; and

b. Awarding damages to Plaintiff pursuant to 15 U.S.C. § 1692k; and

c. Awarding Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k, calculated on a "lodestar" basis; and

d. Awarding the costs of this action to Plaintiff; and

e. Awarding pre-judgment interest and post-judgment interest to Plaintiff; all together with

f. Such other and further relief that the Court determines is just and proper.

DATED: July 19, 2021

**BARSHAY, RIZZO & LOPEZ, PLLC**

By: s/ *David M. Barshay*
David M. Barshay, Esquire
445 Broadhollow Road | Suite CL18
Melville, New York 11747
Tel: (631) 210-7272
Fax: (516) 706-5055
Our File No.: BRL21279
*Attorneys for Plaintiff*